**John CUNNINGHAM, Appellant**

v.

**John F. ENGLISH et al., Appellees.**

**No. 15033.**

United States Court of Appeals District of Columbia Circuit.

Argued April 15, 1959.

Decided June 10, 1959.

Wilbur K. Miller, Circuit Judge, dissented.

Messrs. Raymond R. Dickey, Washington, D. C., and Joseph M. Williamson, Urbana, Ill., of the bar of the the Supreme Court of Illinois, pro hac vice,

by special leave of court, for appellant. Mr. Robert Rolnick, Washington, D. C., also entered an appearance for appellant.

Mr. Edward Bennett Williams, Washington, D. C., for appellees. Mr. Raymond W. Bergan, Washington, D. C., also entered an appearance for appellees.

Mr. Thomas X. Dunn, Washington, D. C., for Board of Monitors. Mr. Martin F. O'Donoghue, Washington, D. C., was on the brief for Board of Monitors.

Before EDGERTON, WILBUR K. MILLER and FAHY, Circuit Judges.

FAHY, Circuit Judge.

In this appeal, John Cunningham, one of the plaintiffs in the companion case of English v. Cunningham, 106 U.S.App. D.C. —, 269 F.2d 517, attacks the decree of February 9, 1959, primarily on the ground that the consent decree of January 31, 1958, upon which the later decree rests, is void. The contention is that the District Court did not have jurisdiction to approve the consent decree without first giving notice to all persons who were to be bound. This result is said to be required by Rule 23 of the Fed.R.Civ. P., 28 U.S.C.A. A contention is also made that failure to give notice led to a denial of due process.

Rule 23, in pertinent part set forth in the margin,[1] provides that "A class action shall not be dismissed or compromised without approval of the court," and that when the right sought to be enforced for the class is joint or common "notice of

1. Rule 23:

"(a) Representation. If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is

"(1) joint, or common, or secondary in the sense that the owner of a primary right refuses to enforce that right and a member of the class thereby becomes entitled to enforce it;

"(2) several, and the object of the action is the adjudication of claims which

do or may affect specific property involved in the action; or

"(3) several, and there is a common question of law or fact affecting the several rights and a common relief is sought.

\*  \*  \*  \*  \*

"(c) Dismissal or Compromise. A class action shall not be dismissed or compromised without the approval of the court. If the right sought to be enforced is one defined in paragraph (1) of subdivision (a) of this rule notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs. If the right is one defined in paragraphs (2) or (3) of subdivision (a) notice shall be given only if the court requires it."

the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs."

██ It seems clear enough that the rights sought to be enforced by the plaintiffs in the companion case are joint or common with the rights of members of the Teamsters and its subsidiary bodies, see Underwood v. Maloney, D.C.E.D.Pa. 1953, 14 F.R.D. 222, thus classifying the rights as within section (a) (1) of the Rule. Furthermore, notice of the proposed consent decree was not given to all members of the class until after it had been entered. We agree with District Judge Letts, however, that notice was not required under the Rule since the decree was not a dismissal or compromise of the action within the meaning of section (c) of the Rule. That the consent decree was not a dismissal goes without saying. And we think it not such a compromise as required advance notice. The Rule applies only to a final disposition of an action, either by dismissal or by compromise. It does not apply even to a final disposition by adjudication.

As Judge Letts said, the consent decree "is not a final settlement of the essential issue but is interlocutory in nature." It embodied a plan, and terms for carrying it out, which required a large measure of future conduct by the parties, leading toward an ultimate disposition of the litigation by the court itself.

The rule makers had in mind something quite different, primarily stockholders' derivative actions, where a stockholder-plaintiff might "sell out" other stockholders by disposing of the action by dismissal or compromise. See notes of the Advisory Committee on the Rules where reference is had to McLaughlin, Capacity of Plaintiff-Stockholder to Terminate a Stockholder's Suit, 46 Yale L.J. 421 (1937). As the author states at 430:

To allow a single stockholder or group of stockholders the power to make a private compromise of the corporate cause of action places a heavy reliance upon their judgment (assuming its exercise in good faith), and leaves the corporate claim (and the indirect rights of non-joining stockholders) at the mercy of individuals who have no hope of personal recovery even if the suit is prosecuted successfully * * * [O]bviously a wide door is opened to strike suits and collusive payments to stockholders which may rarely, if ever, be recovered by the corporation.

See, also, Winkelman v. General Motors Corp., D.C.S.D.N.Y.1940, 39 F.Supp. 826, 831; Craftsman Finance & Mortgage Co. v. Brown, D.C.S.D.N.Y.1945, 64 F.Supp. 168, 178; 3 Moore, Federal Practice, par. 23.24, at 3549 (2d ed. 1948); 2 Barron and Holtzoff, Federal Practice and Procedure § 570, at 185 (Rules ed. 1950).

While the Rule must be given a fair application consistent with its language even if its framers had in mind something more limited, it is not to be given an application inconsistent with its purpose. No one has been closed out of the present litigation by a dismissal or compromise. The litigation continues. No member of the class has been barred from access to the court.

Paragraph 14 of the consent decree obligates the Teamsters to pay the fees of counsel for plaintiffs, the amount being subject to the approval of the District Court. We think this provision is severable from the remainder of the consent decree. Notice should have been given to the membership before approval by a court of equity of this obligation upon union funds, even if not required by Rule 23.[2] The amount of fees approved by the District Court is in dispute in litigation pending in this court,

---

**2.** Out-of-pocket expenses of litigation, and the compensation of the Monitors, which the Teamsters must also pay, we think are not in the same category as counsel fees.

No. 14733, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America v. Thomas J. Dodd, et al. The fees accordingly have not been paid. The solution, therefore, is to suspend this provision of paragraph 14 of the consent decree and to direct the District Court to (1) give notice with respect to it and (2) reconsider the provision in the light of the result of the notice.

The claim of violation of due process by reason of the absence of notice must also be denied for the same reasons which preclude the necessity of notice under the Rule.

The remaining contentions of appellant need not be discussed except as they are considered in the companion case of English v. Cunningham.

Affirmed except as the decree on appeal is modified in the companion case decided this day.

WILBUR K. MILLER, Circuit Judge (concurring in part and dissenting in part).

I dissent from the paragraph of the majority opinion which deals with Paragraph 14 of the consent decree. That Paragraph obligates the Teamsters to pay the plaintiffs' counsel fees, the amount being subject to the approval of the District Court. The amount allowed is now on appeal to us in case No. 14,733 and, I think, should be disposed of there.

Although conceding that the giving of notice concerning Paragraph 14 to the membership of the Teamsters union is not "strictly required" by Rule 23, the majority say notice should nevertheless be given. They suspend this provision of Paragraph 14 "to await the outcome of the notice." I see no reason to require that notice be given, or to suspend the provision.

Otherwise I concur in Judge FAHY'S opinion.