282 F.2d 833
 Gene SAN SOUCIE et al., Appellants,
v.
Godfrey P. SCHMIDT et al., Appellees.
Robert J. COAR, individually and as President of Highway and Local Motor Freight Drivers, Dockmen and Helpers Local Union 701, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, et al., Appellants,
v.
John CUNNINGHAM et al., Appellees.
 No. 15506.
 No. 15529.
 No. 15530.
 United States Court of Appeals District of Columbia Circuit.
 Argued May 10, 1960.
 Decided June 13, 1960.
 
 Mr. Edward J. Fillenwarth, Indianapolis, Ind., of the bar of the Supreme Court of Indiana, pro hac vice, by special leave of court, with whom Mr. H. Clifford Allder, Washington, D. C., was on the brief, for appellants in No. 15506.
 Mr. Raymond R. Dickey, Washington, D. C., with whom Messrs. Marshall E. Miller and Robert F. Rolnick, Washington, D. C., were on the brief, for appellants in Nos. 15529 and 15530.
 Messrs. Godfrey P. Schmidt, New York City, and Martin Mensch, New York City, for appellees in No. 15506 and appellee Edward McFarland and certain other appellees in Nos. 15529 and 15530. Mr. Thomas J. Dodd, Hartford, Conn., was also on the brief for appellees Dodd and Blumenfeld in No. 15506.
 Messrs. Edward Bennett Williams and Raymond W. Bergan, Washington, D. C., entered appearances for International Brotherhood of Teamsters in all cases.
 Before EDGERTON, WILBUR K. MILLER and FAHY, Circuit Judges.
 FAHY, Circuit Judge.
 
 
 1
 In our decision of June 10, 1959, in Cunningham v. English, 106 U.S.App.D. C. 92, 269 F.2d 539, certiorari denied, 361 U.S. 897, 905, 80 S.Ct. 195, 4 L.Ed. 2d 152, 181, rendered the same day as our decision in the main case, English v. Cunningham, 106 U.S.App.D.C. 70, 269 F.2d 517, certiorari denied, 361 U.S. 897, 905, 80 S.Ct. 195, 4 L.Ed.2d 152, 181, we held Paragraph 14 of the Consent Decree[1] to be severable from the remainder of the Decree and that notice should have been given to the membership before approval by the District Court of this obligation upon union funds. We accordingly directed that Paragraph 14 be suspended and that the District Court give notice with respect to this provision and reconsider it in light of the result of the notice. The District Court thereupon approved a form of notice to all members of the Teamsters. This notice was required by the court to be published in "The International Teamster" magazine in its issue of July 1959, and reached the attention of the vast majority of the members. We hold that the form of notice and the extent of its publication were sufficient.
 
 
 2
 The notice of hearing contained a provision as follows: any member of the Teamsters Union or party to this action may present any evidence that may be proper and relevant to the issue to be heard, provided, however, that no such person shall be heard and no papers or briefs submitted by any such person or party shall be received or considered by this Court, except as this Court may in its discretion direct, unless notice of intention to appear and copies of such papers and briefs are served upon Godfrey P. Schmidt, Esquire, at 12 East 41st Street, New York, New York, Thomas J. Dodd and M. Joseph Blumenfeld, Esquires, at 24 Lewis Street, Hartford, Connecticut, and Edward Bennett Williams, Esquire, attorney for defendants, at 1000 Hill Building, Washington, D. C., on or before September 1, 1959.
 
 
 3
 Appellants Gene San Soucie, et al., in No. 15506, and Robert J. Coar, et al., in No. 15529 and No. 15530, filed written objections to approval of Paragraph 14 and appeared at the time and place of hearing, with counsel, to present evidence in support of their objections. They claimed, without dispute as to the correctness of their claim, to represent many thousands of rank and file teamsters as well as local organizations of the Teamsters. For example, Gene San Soucie is President of the Indiana Conference of Teamsters, and he with his co-appellants are officers and representatives of various local unions. On objection of counsel for plaintiffs appellants were nevertheless prevented from introducing in evidence minutes of meetings which had been called, after the notice was published, to consider the subject matter of the notice. The minutes evidenced the strong opposition of substantial numbers of rank and file members to payment of the questioned fees out of union funds, on the grounds this would be inconsistent with the best interests of the rank and file membership, that the Consent Decree providing for the payments had been without notice to them, that the attorneys who were to receive the fees, or some of them, had conflicting interests and had received compensation from other parties, and that the thirteen original plaintiffs did not in fact represent the protesting parties. Appellants sought unsuccessfully to introduce at the hearing this and other evidence relevant to the purpose for which the hearing had been ordered. Almost the entire evidence was objected to by Mr. Schmidt, as counsel for plaintiffs. His objections were sustained almost without exception, followed by proffers by appellants of the rejected evidence. The consequence is that whereas the court had set the matter for hearing it seems to us that no true hearing in fact was held. A very considerable amount of relevant evidence was barred from consideration by the District Judge who was to pass upon the question of reinstating Paragraph 14.
 
 
 4
 Appellants Coar et al., in No. 15529, appeal from an order of the District Court vacating notices to take oral depositions of some twenty persons, including plaintiffs, in connection with appellants' objections to reinstatement of Paragraph 14. Question is raised as to the appealability of the order within the meaning of 28 U.S.C. § 1291 (1958). The order in any event is subject to review in connection with the final order reinstating Paragraph 14, so we need not decide the question of its independent appealability.
 
 
 5
 The District Court vacated the notices to take oral depositions on the ground that the depositions proposed to be taken "were conceived in bad faith and were intended unreasonably to annoy, embarrass and oppress * * *." From the record before us we are unable to find any factual support whatever to justify this basis for the wholesale denial of discovery powers to appellants under Rule 26(a), Fed.R.Civ.P., 28 U.S.C. Upon remand the question of discovery, if raised again, may be reconsidered in light of our view set forth in this opinion that a hearing of the character sought by appellants ought to have been accorded to them.
 
 
 6
 For the reasons above stated we are unable to approve the reinstatement of Paragraph 14 by the District Court.
 
 
 7
 The theory on which appellees seek to sustain the order of reinstatement is primarily that the litigation in which the Consent Decree eventuated is a class action and plaintiffs adequately represent the class, including the appellants who protest the Paragraph 14 fee provision. The character of the action as a class action, or the fact that plaintiffs adequately represent the class, assuming arguendo the truth of these propositions, does not answer the question whether or to what extent the Teamsters' treasury should pay the fees of plaintiffs' attorneys. That is for the District Court to determine in the exercise of a sound judgment, subject to appellate review, upon consideration of such factors as were sought unsuccessfully to be presented by these appellants at the hearing. They appeared on behalf of thousands of rank and file members whose dues contribute to the treasury of the Teamsters sought to be burdened by the large fees involved.[2]
 
 
 8
 The Consent Decree permitted certain General Officers of the Teamsters to remain in office. These officers consented to pledge the union treasury for payment of the fees of plaintiffs' counsel. This burden upon funds of the membership, agreed to in such circumstances by the General Officers only, was required by this court to be subjected to reconsideration in the light of notice to the rank and file membership. Those of the rank and file membership who went to the trouble to prepare for the hearing at the appointed time and place should have been heard and their evidence should have been carefully considered.
 
 
 9
 These cases will be remanded for the grant of a hearing to these appellants of the character they sought as shown by this record. Upon the basis of such a hearing the question of reinstatement of Paragraph 14 is to be decided. Discretion, soundly exercised, resides in the District Court to prevent undue protraction of the hearing by the introduction of an unreasonable amount of cumulative evidence.[3]
 
 
 10
 It is so ordered.
 
 
 11
 WILBUR K. MILLER, Circuit Judge, dissents.
 
 
 
 Notes:
 
 
 [1]
 As in the main decision in English v. Cunningham, 106 U.S.App.D.C. 70, 269 F.2d 517, certiorari denied, 361 U.S. 897, 905, 80 S.Ct. 195, 4 L.Ed. 152, 181, we refer to the Consent Order of January 31, 1958, as the Consent Decree
 
 
 [2]
 After reinstatement of Paragraph 14 the District Court on December 9, 1959, awarded fees for plaintiffs' attorneys in the amount of $210,000
 
 
 [3]
 On oral argument in this court the rejection of the offered evidence was sought to be justified on the theory that the notice provided that no person should be heard and no papers or briefs submitted should be received or considered by the court except as the court in its discretion may direct unless notice of intention to appear and copies of such notice and briefs were served on Godfrey P. Schmidt, Esquire, Thomas J. Dodd and M. Joseph Blumenfeld, Esquires, and Edward Bennett Williams, Esquire, attorey for defendants, on or before September 1, 1959. It was said this provision was not complied with by appellants. No such objection appears to have been stated to the District Court at the time the evidence was offered. The objections then made were on the ground of irrelevancy, or on no stated ground. In any event, the rank and file members and the organizations which sought to be heard were not required to have their names or documentary evidence submitted in advance to anyone. We do not construe the notice as requiring this. Were it to be so construed this provision should be disregarded as unreasonable and invalid. We can think of no sound reason for such a provision so construed